RIERA, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

## APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 311.—Decided March 30, 1917.

PURCHASE AND SALE—TAX SALE—RECORD OF TITLE—CERTIFICATE OF SALE.—When it appears from one of the clauses of a deed of sale, executed by the original owner and presented in the registry of property for record, that the property was sold at a forced sale for delinquent taxes, the registrar is justified in refusing to record the same, for its stipulations are binding upon the parties inasmuch as under article 18 of the Mortgage Law the registrar is required to determine the legality of the instrument from its contents; and the fact that the certificate of the sale issued to the purchaser at the tax sale has not been presented for record does not alter the case.

The facts are stated in the opinion.

*Mr. Francisco Soto Gras* for the appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The fourth clause of the deed offered for record in this case showed that the lot marked "A" was sold by the People of Porto Rico to William H. Hylan for a default in the payment of taxes, and the registrar refused to record a sale from the original owner to appellant for that reason. While it is true that the original owner and his privy, the vendee in this case, have a right to redeem the property within the term prescribed by the law, or perhaps even other rights, yet the deed tends to show that the nominal legal owner of the property is William H. Hylan. The recital in the deed binds the appellant so far as the registry is concerned because under section 18 of the Mortgage Law the registrars shall determine the legality of the instruments upon the facts that appear from said instruments themselves. The case is thus different from the case of *Graciani* v. *Registrar, ante,* p. 41, where we held that the registrar had no duty or right to look beyond the documentation of a particular lot.

It makes no difference that the deed to Hylan is not recorded. A third person would be bound by the statement in the instant deed. We cannot agree with the appellant that the sale to Hylan is merely suspensive of the right of the vendee. It is a resolutory condition and the vendee can only obtain a clear title by redeeming the property. This becomes clearer if we suppose that Hylan were to offer his deed for record. The registrar would be bound to record it subject to the right of redemption, supposing that there were no imperfections in the sale to Hylan. The latter has a right that may, like a sale with covenant of resale, become absolute.

The note must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.